FRANCES FLEURY, as Administratrix of the Estate of JOSEPH FLEURY, Deceased, Respondent, v. MORRIS EDWARDS, Appellant.— Appeal by defendant in a negligence action from a judgment of the Supreme Court, Trial Term, Ulster County, rendered upon the verdict of a jury and from an order of said court which denied defendant's motion to set aside the verdict. No evidence of any negligence on the part of defendant is to be found in this record except in the testimony of plaintiff's intestate taken at a hearing conducted by the Bureau of Motor Vehicles pursuant to section 71 of the Vehicle and Traffic Law, as then constituted, to determine whether action should be taken to suspend or revoke the operator's license or certificate of registration of any of the persons concerned in the accident of October 26, 1955 upon which this action is predicated and as a result of which plaintiff's intestate sustained personal injuries which resulted in his death approximately 17 months later. The trial court held decedent's previous testimony admissible as taken "during the hearing upon the merits of a special proceeding". (Civ. Prac. Act, § 348.) Obviously, the proceedings conducted by the Bureau of Motor Vehicles did not constitute a "prosecution in a court of justice" so as to fall within the statutory definition of either an action or special proceeding (Civ. Prac. Act, §§ 4, 5) and for that reason decedent's previous testimony was, in our view, improperly received. Respondent relies on *Rothman* v. *City of New York* (273 App. Div. 780) which held that an examination before the Comptroller, pursuant to the Administrative Code of the City of New York, "was properly received in evidence where the claimant died before the trial of his action"; but the several authorities cited in support of this conclusion clearly relied upon the common-law rule as it existed prior to the enactment of section 348 and, in fact, the case of *Boschi* v. *City of New York* (187 Misc. 875, 877), thus cited in *Rothman*, expressly held section 348 inapplicable to the section of the Administrative Code involved in both cases. Whether or not the common-law rule in some part and in some respects survives (cf. *Shaw* v. *New York El. R. R. Co.*, 187 N. Y. 186, 193–194; *Matter of White*, 2 N Y 2d 309, 315 [dissenting opinion]), it cannot authorize the reception of evidence in clear contravention of the statute as respects the

essential requirement of a prior "hearing upon the merits of a special proceeding". Judgment and order reversed, on the law and the facts, and a new trial ordered, with costs to appellant to abide the event. Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ., concur.